IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00397-BNB

JAHEEM R. HILTS,

    Plaintiff,

v.

MENTAL HEALTH PARTNERS, and
SHARON PAULEY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Jaheem R. Hilts, initiated this action while he was a patient at the Colorado Mental Health Institute at Fort Logan, Colorado, by filing *pro se* a Prisoner Complaint (ECF No. 1). Mr. Hilts currently resides in New York. On March 17, 2014, Mr. Hilts filed an amended complaint (ECF No. 7) as directed.

    The court must construe the amended complaint liberally because Mr. Hilts is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Hilts will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    The amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hilts fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. Hilts fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Hilts does not list any statutory authority in the jurisdiction portion of the amended complaint and his reference to "Personal Jurisdiction" is not a short and plain statement of the grounds for the court's jurisdiction.  (*See* ECF No. 7 at 3.)  Construing

the amended complaint liberally, Mr. Hilts may intend to assert a claim pursuant to 42 U.S.C. § 1983 because he alleges that his First Amendment rights have been violated. (*See id.* at 5.)  The court has subject matter jurisdiction over claims pursuant to § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  If Mr. Hilts intends to assert a claim pursuant to § 1983, he should specify that he is asserting a § 1983 claim in the second amended complaint he will be ordered to file.  If Mr. Hilts intends to assert jurisdiction pursuant to some other statutory authority, he must identify what that statutory authority is in his second amended complaint.

Mr. Hilts also fails to provide a short and plain statement of his First Amendment claim showing he is entitled to relief.  In particular, Mr. Hilts fails to allege specific facts that demonstrate how his First Amendment rights allegedly were violated or what each named Defendant did that allegedly violated his rights.  His vague and conclusory assertion of religious discrimination does not satisfy the pleading requirements of Rule 8.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Hilts must file a second amended complaint.  Mr. Hilts must identify, clearly and concisely, the specific claims he is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Hilts file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Hilts shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hilts fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge